# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:12cv303

| | |
|---|---|
| KEITH BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CREDITORS SPECIALTY SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Notice of Motion for Default Judgment [Doc. 9].

## PROCEDURAL HISTORY

On September 27, 2012, the Plaintiff initiated this action alleging violations of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §§1692, *et. seq.*, the North Carolina Fair Debt Collection Practices Act, N.C. Gen. Stat. §58-70, *et seq.*, the North Carolina Fair Debt Collection Act, N.C. Gen. Stat. §75-50, *et seq.*, and a claim for invasion of privacy. [Doc. 1]. On October 24, 2012, the Plaintiff filed proof of service on the Defendant. [Doc. 4]. Based on the information therein, an answer was due

to be filed on or before November 5, 2012. [Doc. 4]. The Defendant did not answer or otherwise respond but the Plaintiff did not move for entry of default. On November 13, 2012, this Court by text Order required the Plaintiff to show cause why the action should not be dismissed for failure to prosecute. As a result of that Order, the Plaintiff moved for entry of default on November 28, 2012. [Doc. 5]. The Clerk of Court entered default on December 14, 2012. [Doc. 6].

Thereafter, the Plaintiff did not move for default judgment. As a result, on January 23, 2013, this Court for a second time required the Plaintiff to show cause why the action should not be dismissed for failure to prosecute. [Doc. 7]. In response to that Order, the Plaintiff moved for default judgment. [Doc. 9]. It bears noting that the Plaintiff's attorney has been less than diligent in prosecuting this action.

## DISCUSSION

Although the Complaint contains four claims, default judgment is sought only as to the FDCPA and the North Carolina Fair Debt Collection Practices Act, N.C. Gen. Stat. §58-70, *et. seq*. Federal Rule of Civil Procedure 55(b)(2) authorizes district courts to enter default judgment against a properly served defendant who has failed to appear. In determining whether to enter a judgment by default, the Court must

consider whether the Plaintiff has alleged one or more legitimate causes of action.  Ryan v. Homecomings Financial Network, 253 F.3d 778, 780 (4th Cir. 2001) (in determining whether to enter default judgment, the court must find the well-pleaded allegations of the complaint support the relief sought).  "A default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."  Id.  If liability is established, then the Court must determine the appropriate amount of damages, if any.  Id.  In so doing, the Court makes an independent determination concerning damages.  Id.  The Court may, but is not required to, conduct an evidentiary hearing in this regard.  CGI Finance, Inc. v. Johnson, 2013 WL 1192353 (D.Md. 2013) (citing Adkins v. Teseo, 180 F.Supp.2d 15, 17 (D.D.C. 2001)).

The Court finds that the allegations of the Complaint establish a violation of the federal FDCPA.  The Plaintiff, who is a natural person and a consumer, claimed that the Defendant's agents, acting as debt collectors, repeatedly called him at work and on at least one occasion threatened to have him arrested in connection with a debt arising out of services performed on his vehicle.  Richardson v. William Sneider and Associates, LLC, 2012 WL 3525625 **5-6 (E.D.Va. 2012) (calling place of employment with threats of criminal charges violated FDCPA).  For an individual plaintiff,

the FDCPA provides three types of damages: (1) actual damages; (2) statutory damages not to exceed $1,000.00 and (3) costs plus a reasonable attorney's fee. 15 U.S.C. §1692(k)(1).

In support of his request for actual damages, the Plaintiff states that the "calls to my workplace caused me to suffer aggravation, anxiety and anger. I suffered damages, emotional aggravation and stress as the result of these collection calls." [Doc. 9-3]. Nothing more in support of the request for actual damages is provided and the Court will not award unsubstantiated damages. Richardson, 2012 WL 3525635 (awarding statutory damages but not actual damages); Woodring v. Collection Recovery Bureau, 2012 WL 439690 **3 (D.Md. 2012) (refusing to award actual damages where not itemized); Ford v. Consigned Debts & Collections, Inc., 2010 WL 5392643 (D.N.J. 2010) (no actual damages in absence of proof of emotional, mental or physical consequences and treatment); Coles v. Land's Towing and Recovery, Inc., 2010 WL 5300892 **3-4 (E.D.Va. 2010) (in the absence of competent proof of actual damages, no award given).

Considering the frequency of the Defendant's telephone calls, the virulent nature of those calls, including a threat to arrest the Plaintiff, and the clearly intentional noncompliance with the statute, the Court finds that

statutory damages are warranted. 15 U.S.C. §1692k(b)(1); Richardson, 2012 WL 3525635 **10. The statute provides for damages of $1,000.00 per lawsuit, not per incident. Id.; Wright v. Finance Serv. of Norwalk, Inc., 22 F.3d 647, 651 (6th Cir. 1994). The Court will therefore award statutory damages of $1,000.00. The Plaintiff's request for attorney's fees and costs pursuant to the federal statute are addressed below.

The Plaintiff also seeks an award of statutory damages pursuant to the North Carolina Fair Debt Collections Practices Act, N.C. Gen. Stat. §58-70-110. In support of that request, counsel cites to the same conduct as that which supported the federal cause of action. The only authority cited by counsel in support of his claim that the same injury may be compensated twice is 15 U.S.C. §1692n. That statute provides in pertinent part:

> [The federal statute] does not annul, alter, or affect, or exempt any person subject to the provisions of this [Act] from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this [Act], and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this [Act] if the protection such law affords any consumer is greater than the protection provided by this [Act].

15 U.S.C. §1692n.

Thus, "the FDCPA preempts only laws that afford consumers less

protection than that provided by the FDCPA." Desmond v. Philips & Cohen Associates, Ltd., 724 F.Supp.2d 562, 567 (W.D.Pa. 2010). The Plaintiff does not argue that the North Carolina statute affords greater protection than the FDCPA; instead, he claims that the state statute provides for relief when a debt collector engages in deceptive acts. N.C. Gen. Stat. §58-70-130(c) (unfair or deceptive acts are proscribed); N.C. Gen. Stat. §58-70-110(4) (falsely representing the creditor's rights or intentions). Those acts, he claims, were threatening to have him arrested, to garnish his wages and to seize his property. [Doc. 1 at 3; Doc. 9-1 at 5]. These are, however, the same acts which are claimed to have violated the federal statute which also prohibits deceptive representations in connection with debt collection. 15 U.S.C. §1692e. The Court will nonetheless find that the federal statute does not preempt the state statute. In re Baie, 2011 WL 1257148 **4 (Bkr. E.D.N.C. 2011) (damages under FDCPA do not preclude damages under N.C. Gen. Stat. §58-70-110).

As noted above, however, the Plaintiff has failed to show actual damages as opposed to an entitlement to the statutory penalty provided by §58-70-130. Llera v. Security Credit Systems, Inc., 93 F.Supp.2d 674, 677-78 (W.D.N.C. 2000) ("a plaintiff must be awarded actual damages in order to prove an actual injury"); Bailey v. LeBeau, 79 N.C.App. 345, 353, 339

S.E.2d 460, <u>modified and affirmed</u> 318 N.C. 411, 348 S.E.2d 524 (1986) (evidence of misrepresentation alone does not establish injury). The Plaintiff is therefore not entitled to an award of actual damages. The Plaintiff's failure to prove actual damages also precludes any recovery of attorney's fees under the state statute. <u>Llera</u>, 93 F.Supp.2d at 677-679.

The Plaintiff also requests an award of statutory damages in the nature of a penalty. The statute provides for a "penalty in such amount as the court may allow, which shall not be less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000) for each violation." N.C. Gen. Stat. §58-70-130(b). The Plaintiff has limited his request for relief to one violation. [Doc. 9-1 at 6] ("Although Plaintiff is entitled to recovery under this statute ranging from $500 to $4,000 for each violation, Plaintiff seeks and requests the amount of $4,000[.]"). The Court will therefore, considering the conduct at issue, impose a statutory penalty of $500.00. <u>In re Baie</u>, 2011 WL 1257148.

Finally, the Court considers the Plaintiff's request for an award of attorney's fees and costs pursuant to the FDCPA which provides "in the case of a successful action" for a "reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3). This determination is within the sound discretion of the court. <u>Beasley v. Sessoms & Rogers, P.A.</u>, 2011

WL 5402883 \*\*2 (E.D.N.C. 2011) (citing Carroll v. Wolpoff & Abramson, 53 F.3d 626, 628-29 (4th Cir. 1995)).

In order to calculate a reasonable fee, the Court begins with the lodestar amount which is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), abrogated on other grounds by Texas State Teachers Ass'n v. Garland Independent School District, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). The twelve factors to be considered in determining what is a reasonable number of hours and a reasonable rate are: (1) the time and labor expended; (2) the novelty and difficulty of the questions presented; (3) the skill required to properly perform the legal services; (4) the attorneys' opportunity costs; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or case; (8) the amount in controversy and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case within the legal community; (11) the nature and length of the relationship and (12) awards in similar cases. Id.; Grissom v. Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008); Beasley, 2011 WL 5402883. Although all the factors must be considered, this Court "is not

required to engage in a lengthy discussion concerning what portion of the award is attributable to each factor." Arnold v. Burger King Corporation, 719 F.2d 63, 67 n.4 (4th Cir.), cert. denied 469 U.S. 826, 105 S.Ct. 108, 83 L.Ed.2d 51 (1984). Indeed, the initial calculation of reasonable hours expended at a reasonable rate will normally include most of the twelve factors which need not be further considered. Henley, 461 U.S. at 434 n.9. After the lodestar figure is determined, the court should subtract fees spent on unsuccessful and/or unrelated claims. Robinson v. Equifax Information Services, LLC, 560 F.3d 235, 244 (4th Cir. 2009). In this case, the Plaintiff did not seek default judgment in connection with the North Carolina Fair Debt Collection Act, N.C. Gen. Stat. §75-50, *et seq.*, and the claim for invasion of privacy. As to those claims, then, the Plaintiff was not a prevailing party and those fees must be deleted from a final figure. Hensley, 461 U.S. at 435; Grissom, 549 F.3d at 321.

The Court first considers the reasonable hours expended, "necessarily exclud[ing] any hours that are excessive, redundant or otherwise unnecessary and therefore not reasonably expended on the litigation. Hensley, 461 U.S. at 434. The Court has reviewed the time records submitted in support of the motion and notes that there is no amount of time specifically designated for the two claims as to which

default judgment was not sought. [Doc. 9-2]. Counsel will therefore be required to submit a corrected affidavit. Hensley, 461 U.S. at 434 ("Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary*[.]") (emphasis in original).

The Court also notes that Plaintiff's counsel did not independently prosecute this action. The Court was required on more than one occasion to prompt counsel to continue the litigation. The preparation of a motion for default judgment is not a difficult legal task yet counsel asserts that she spent more than six hours in the research and preparation of the same. Meanwhile, the paralegal spent almost four hours on the same task. The Court finds both figures to be excessive.

Concerning the calculation of a reasonable hourly rate, the Plaintiff has failed to carry his burden of proof that the hourly rates sought for counsel and the paralegal are reasonable. Robinson, 560 F.3d at 244.

> [The] determination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate. *In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which [she] seeks an award.*

Id. (emphasis in original).

Counsel has not included with this motion any affidavits from other

attorneys within this community. The only evidence provided is her own affidavit which is insufficient to allow this Court to determine a reasonable hourly rate. Id. The Court also notes that counsel failed to address the following factors for consideration: the novelty and difficulty of the questions presented; the skill required to properly perform the legal services; the attorneys' opportunity costs, if any; the customary fee for like work; the attorneys' expectations at the outset of the litigation; the time limitations imposed by the client or case; the undesirability of the case within the legal community; and the nature and length of the relationship. Grissom, 549 F.3d at 320-21. The Court will therefore deny this portion of the Plaintiff's motion without prejudice to renewal. An award of costs, however, will be granted for the cost of the filing fee and service of process.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Notice of Motion for Default Judgment [Doc. 9] is hereby **GRANTED** to the extent that Default Judgment is entered against the Defendant in the amount of One Thousand Five Hundred Dollars and No Cents ($1,500.00).

**IT IS FURTHER ORDERED** that the Plaintiff's motion for an award of costs and attorney's fees is hereby **GRANTED** in part and **DENIED** without prejudice in part. The Plaintiff is hereby **GRANTED** an award of costs in

the amount of Four Hundred Thirty-Five dollars and No Cents ($435.00). The Plaintiff's motion for an award of attorney's fees is hereby **DENIED** without prejudice to renewal in accordance with the terms and provisions of this Order.

**IT IS FURTHER ORDERED** that the Court will enter final Judgment in this matter upon a final determination of attorney's fees.

Signed: April 15, 2013

Martin Reidinger
United States District Judge