# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL CASE NO. 1:12-cv-00303-MR-DLH

| | |
|---|---|
| KEITH BARNETT, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| CREDITORS SPECIALTY SERVICE, INC., ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**THIS MATTER** is before the Court *sua sponte*.

On September 27, 2012, the Plaintiff initiated this action alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. §§1692, *et seq.* (FDCPA), the North Carolina Fair Debt Collection Practices Act, N.C. Gen. Stat. §58-70, *et seq.*, the North Carolina Fair Debt Collection Act, N.C. Gen. Stat. §75-50, *et seq.*, and asserting a claim for invasion of privacy. [Doc. 1]. On October 24, 2012, the Plaintiff filed proof of service on the Defendant. [Doc. 4]. Based on the information therein, an answer was due to be filed on or before November 5, 2012. [Doc. 4]. The Defendant did not answer or otherwise respond but the Plaintiff did not move for entry of default. On November 13, 2012, this Court by text Order

required the Plaintiff to show cause why the action should not be dismissed for failure to prosecute. As a result of that Order, the Plaintiff moved for entry of default on November 28, 2012. [Doc. 5]. The Clerk of Court entered default on December 14, 2012. [Doc. 6].

Thereafter, the Plaintiff did not move for default judgment. As a result, on January 23, 2013, this Court for a second time required the Plaintiff to show cause why the action should not be dismissed for failure to prosecute. [Doc. 7]. In response to that Order, on February 7, 2013, the Plaintiff moved for the entry of default judgment. [Doc. 9].

While the Complaint contains four counts, the Plaintiff's motion for default judgment seeks the entry of judgment only as to his claims under the FDCPA and the North Carolina Fair Debt Collection Practices Act. The Court entered an Order on April 16, 2013 granting default judgment for the Plaintiff with respect to these claims and awarding the Plaintiff statutory damages. [Doc. 10]. Additionally, the Court granted the Plaintiff's request for an award of costs under the FDCPA. [Id.]. The Court, however, denied without prejudice the Plaintiff's request for attorneys' fees, finding that the request was insufficiently supported. [Id.]. The Court further ordered that a final judgment would be entered upon a final determination of attorney's fees. [Id.].

To date, more than 60 days have passed since the Court's Order, and the Plaintiff has not renewed his request for an award of attorney's fees. Accordingly, the Court will direct the Clerk to enter a Final Judgment in this case in accordance with the Court's Order of April 16, 2013.

Furthermore, the Plaintiff has taken no action with respect to his claim under the North Carolina Fair Debt Collection Act, N.C. Gen. Stat. §75-50, *et seq.*, or his claim for invasion of privacy; accordingly, these claims are hereby deemed abandoned and will be dismissed due to the Plaintiff's failure to prosecute.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's claim under the North Carolina Fair Debt Collection Act, N.C. Gen. Stat. §75-50, *et seq.*, and his claim for invasion of privacy are hereby **DISMISSED** for failure to prosecute.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter a Judgment in this case in accordance with the Court's Order of April 16, 2013.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge